UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRACY CLARE MICKS-HARM,

    Plaintiff,

                              CASE NO. 18-12634
                              HON. DENISE PAGE HOOD

v.

WILLIAM PAUL NICHOLS ET AL,

    Defendants.
_____/

## ORDER GRANTING DEFENDANTS' MOTION TO CONSOLIDATE CASES[1] [#16] AND SETTING DATES

### I. BACKGROUND

---

[1] The Court will consider consolidating the instant case with the following cases:

1) *Nichols v. Nichols et al*, 18-cv-13206 (Hood, J.) (removed on October 15, 2018).
2) *Helm v. Arnold et al*, 18-cv-13639 (Hood, J.) (removed on November 21, 2018).
3) *Helm v. Nichols et al*, 18-cv-13647 (Hood, J.) (removed on November 21, 2018).
4) *Cook v. William et al*, 19-cv-10125 (Hood, J.) (removed on January 14, 2019).
5) *Cook v. Nichols et al*, 19-cv-10126 (Hood, J.) (removed on January 14, 2019).
6) *Cook v. Nicols et al*, 19-cv-10132 (Hood, J.) (removed on January 14, 2019).
7) *Cook v. Nichols et al*, 19-cv-10135 (Hood, J.) (removed on January 14, 2019).
8) *Blakesley v. Nichols et al*, 19-cv-10299 (Hood, J.) (removed on January 30, 2019).

Five of these cases were not yet removed from state court when Defendants filed the instant Motion, and consequently, Defendants did not mention them in their Motion. The Court will consider consolidating all nine cases due to their apparent similarities.

1

On August 3, 2018, Plaintiff Tracy Clare Micks-Harm ("Micks-Harm") commenced this action in the State of Michigan's Monroe County Circuit Court alleging that the defendants she named in her Complaint violated her rights under the Fourth Amendment, the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, 42 U.S.C. § 1985 (conspiracy to interfere with civil rights), and 18 U.S.C. § 1347 (health care fraud). (Doc # 1-2) These named defendants include: William Paul Nichols, Blue Cross Blue Shield of Michigan Foundation, Blue Cross Blue Shield of Michigan, Blue Care Network of Michigan, Bluecaid of Michigan, I-Patient Care, Inc., Marc Moore, Brian Bishop, Christine Hicks, John J. Mulroney, Shawn Kotch, James Stewart, Robert Blair, Brent Cathey, Jon Lasota, Sean Street, Mike McLaine, Monroe Police Department, Tina Todd, Jessica Chaffin, Jack Vitale, Daniel White, Carl Christensen, Alan J. Robertson, Diane Silas, Jim Gallagher, Scott Beard, Derek Lindsay, Aaron Oetjens, Mike Merkle, FNU Sproul, Brian Zazadny, William McMullen, Donald Brady, Chris Miller, William Chamulak, Tom Farrell, Mike Guzowski, Timothy Gates, Sarah Buciak, Allison Arnold, Jeffrey Yorkey, Michael G. Roehrig, Dale Malone, Leon Pedell, Vaughn Hafner, Dina Young, Bill Schuette, Jennifer Fritgerald, Timothy C. Erickson, Catherine Waskiewicz, Michael J. St. John, Michigan Administrative Hearing System, Michigan Automated Prescription System, Haley Winans, Matthew Schneider, Wayne F. Pratt, Brandy R. McMillion,

and Blue Cross Complete of Michigan. (*Id.* at Pg ID 11-13.) Defendants Matthew Schneider, Wayne F. Pratt, and Brandy R. McMillion (collectively, "the Federal Defendants") removed this action to federal court on August 23, 2018. (Doc # 1)

On November 30, 2018, Federal Defendants filed a Motion to Consolidate Cases. (Doc # 16) Micks-Harm has not responded to Federal Defendants' Motion. There was a hearing held regarding this Motion on February 15, 2019.

The facts as alleged are as follows. On June 28, 2018, Micks-Harm was informed by Dr. Leslie Pompy that all of the named defendants reviewed her medical records. (Doc # 1-2, Pg ID 22) Two or more of the named defendants currently continue to possess and/or have access to her past medical history. (*Id.* at 20.) The named defendants were able to access Micks-Harm's medical information following the execution of a felony search warrant that resulted in her medical records being seized from Dr. Pompy's office. (*Id.* at 22.) It is alleged by Micks-Harm that the search warrant occurred without the existence of probable cause and absent any exigent circumstances. (*Id.*) The search warrant that Micks-Harm refers to in her Complaint is connected with an ongoing criminal case, *United States v. Pompy*, 18-cr-20454 (E.D. Mich.), in which Dr. Pompy is charged with distributing controlled substances (21 U.S.C. § 841(a)(1)) and health care fraud (18 U.S.C. § 1347). (Doc # 5, Pg ID 45)

Micks-Harm claims that her HIPAA rights were violated because she was not notified that the named defendants were going to access her medical information. (Doc # 1-2, Pg ID 22)  Micks-Harm alludes to the fact that her Fourth Amendment rights were violated since the police unreasonably seized her medical records from Dr. Pompy's office. (*Id.* at 23.)  It is additionally asserted by Micks-Harm that two or more of the named defendants violated her rights by committing computer fraud under 18 U.S.C. § 1030. (*Id.* at 21.)  Micks-Harm also alludes to the fact that her rights were violated under 42 U.S.C. § 1985 (conspiracy to interfere with civil rights), and 18 U.S.C. § 1347 (health care fraud) as well. (*Id.* at 24-25.)

Micks-Harm requests that the Court award her and Dr. Pompy's other patients punitive damages in the amount of $800 million dollars, monetary damages in excess of $1 billion dollars, and an unspecified amount of compensatory damages. (*Id.* at 27-28.)  Micks-Harm also seeks any other damages available, interest, fees, and medical expenses. (*Id.* at 28.)

## II. ANALYSIS

Rule 42(a)(2) provides that a court may consolidate actions involving "a common question of law or fact." Fed. R. Civ. P. 42(a)(1); *Cantrell v. GAF Corp.*, 999 F.2d 1007, 1011 (6th Cir. 1993).  The objective of consolidation is to administer the court's business with expedition and economy while providing justice to the parties. *Advey v. Celotex Corp.*, 962 F.2d 1177, 1181 (6th Cir. 1992).  Consolidation

of separate actions does not merge the independent actions into one suit. *Id.* at 1180. The party seeking consolidation bears the burden of demonstrating the commonality of law, facts or both in cases sought to be combined. *Young v. Hamrick,* 2008 WL 2338606 at *4 (E.D. Mich. 2008). Once the threshold requirement of establishing a common question of law or fact is met, the decision to consolidate rests in the sound discretion of the district court. *Stemler v. Burke,* 344 F.2d 393, 396 (6th Cir. 1965). The court weighs the interests of judicial economy against the potential for new delays, expense, confusion, or prejudice. *Banacki v. OneWest Bank, FSB,* 276 F.R.D. 567, 571 (E.D. Mich. 2011). Considerations of convenience and economy must yield to a paramount concern for a fair and impartial trial. *Id.* at 572. Consolidation is not justified or required simply because the actions *include* a common question of fact or law. *Id.* When cases involve *some* common issues but individual issues predominate, consolidation should be denied. *Id.*

The trial court must consider whether the specific risks of prejudice and possible confusion are overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on the parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives. *Cantrell,* 999 F.2d at 1011 (citations omitted). "Care must be taken that consolidation does not result in unavoidable

prejudice or unfair advantage." *Id.* Even though conservation of judicial resources is a laudable goal, if the savings to the judicial system are slight, the risk of prejudice to a party must be viewed with even greater scrutiny. *Id.*

Federal Defendants argue that the Court should consolidate the instant case with other cases that they assert contain identical allegations and claims pertaining to medical records that were allegedly obtained through a search warrant executed at Dr. Pompy's office. Federal Defendants further argue that these cases essentially involve the same parties. It is also the contention of Federal Defendants that if the cases survive the dismissal and summary judgment stages, the cases will require the same witnesses and evidence to be presented at their respective trials.

After considering the records of the nine cases, the Court finds that all of these cases should be consolidated. The complaints essentially contain the same: (1) questions of law and fact; (2) parties; and (3) relief sought. The cases will also require obtaining much of the same evidence. No party has objected to consolidating the cases, and it does not appear as if any party will be prejudiced by consolidation. Therefore, in the interest of promoting judicial economy and avoiding duplicative discovery, the Court concludes that consolidation is warranted pursuant to Rule 42(a).

### III. CONCLUSION

For the reasons set forth above,

IT IS HEREBY ORDERED that Defendants Matthew Schneider, Wayne F. Pratt, and Brandy R. McMillion's Motion to Consolidate Cases (Doc # 16) is **GRANTED**. The Court will consolidate any new and related cases filed and reassigned to this Court.

IT IS FURTHER ORDERED that the following cases are consolidated: *Micks-Harm v. Nichols et al*, 18-cv-12634; *Nichols v. Nichols et al*, 18-cv-13206; *Helm v. Arnold et al*, 18-cv-13639; *Helm v. Nichols et al*, 18-cv-13647; *Cook v. William et al*, 19-cv-10125; *Cook v. Nichols et al*, 19-cv-10126; *Cook v. Nicols et al*, 19-cv-10132; *Cook v. Nichols et al*, 19-cv-10135; and *Blakesley v. Nichols et al*, 19-cv-10299.

IT IS FURTHER ORDERED that *Micks-Harm v. Nichols et al*, 18-cv-12634 will be the lead case. All motions to dismiss/dispositive motions and responses/replies must be filed on the *Micks-Harm v. Nichols et al*, 18-cv-12634 docket until further notice.

IT IS FURTHER ORDERED that the defendants will be categorized into the following groups: (1) Federal Defendants; (2) State Defendants; (3) Monroe County Defendants; (4) Monroe City Defendants; (5) Insurance Company Defendants; (6) Doctors and Providers Defendants; and (7) Miscellaneous Defendants.

IT IS FURTHER ORDERED that the Court will initially address any motions to dismiss/dispositive motions. The following dates apply:

A. Any party that wishes to file a new motion to dismiss/dispositive motion or join any outstanding motions to dismiss/dispositive motions will have until February 22, 2019 to do so.
B. All parties will have until March 8, 2019 to file any responses to any outstanding motions to dismiss/dispositive motions that have not already been filed.
C. The parties will have until March 22, 2019 to file any replies.
D. There will be a hearing on April 12, 2019 at 2:00 pm regarding all motions to dismiss/dispositive motions that have been filed by February 22, 2019.

IT IS SO ORDERED.

s/Denise Page Hood
DENISE PAGE HOOD
DATED: February 20, 2019　　　　　　Chief Judge, U. S. District Court